E-FILED
Thursday, 24 July, 2008  10:23:57 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

___

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 99-CR-20006 |
| ) | |
| **MONTEEN LYDELL GRAY,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Defendant, Monteen Lydell Gray, was originally sentenced on September 24, 1999, to a term of 78 months in the Federal Bureau of Prisons for a crack cocaine offense. Defendant was subsequently released from prison and began his five-year term of supervised release. On August 31, 2006, a revocation hearing was held and Defendant admitted violating the conditions of his supervised release. This court accepted Defendant's admission and revoked Defendant's supervised release. This court sentenced Defendant to a term of imprisonment of 37 months, followed by 23 months of supervised release.

On March 18, 2008, Defendant filed a pro se Motion to Reduce Sentence (#27) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On March 18, 2008, this court entered a text order which appointed the Federal Defender for the Central District of Illinois to represent Defendant.

On June 16, 2008, William C. Zukosky of the Federal Public Defender's office filed a Motion to Withdraw as Counsel (#28). In his Motion, Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction. Defendant's counsel stated that, because Defendant is currently serving a sentence imposed following the revocation of his supervised release, and not the sentence imposed for the crack cocaine offense, a reduction in his sentence is not authorized. Defendant's counsel stated that, because he had concluded that Defendant was ineligible for a reduction, he asked to be allowed to withdraw as counsel and asked that

Defendant be allowed to proceed pro se.

On June 18, 2008, this court entered an Order (#29). This court agreed with Defendant's counsel that, because Defendant is serving a sentence for violation of supervised release, the amendment does not authorize a reduction in Defendant's sentence. This court then granted Defendant's counsel's motion to withdraw and allowed Defendant to pursue the matter pro se. This court allowed Defendant 30 days to file a pleading that either (a) conceded that the amendment does not apply because he is serving a sentence for violation of supervised release, or (b) explained why the amendment does in fact have the effect of lowering his sentence.

On June 27, 2008, Defendant filed his pro se Response (#30). Defendant argued that, if he had not been sentenced to a term of five years of supervised release for a crack cocaine offense, he would not be serving a 37 month sentence for violating the terms of supervised release. Defendant therefore asked this court to review his case and find him eligible for a reduction due to the fact that he is serving time for a violation under his original sentence for a crack cocaine offense.

This court has carefully reviewed the record in this case and Defendant's Response. Following this careful review, this court agrees with Defendant's counsel that Defendant is ineligible for a reduction. Because Defendant is serving a sentence for revocation of supervised release, a reduction in his sentence is not authorized by the amendment.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Reduce Sentence (#27) is DENIED.

(2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 24th day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE